IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pioneer Construction Co., Inc., :
Eastern Alliance Insurance Company, :
and Employers Alliance, Inc. :
 :
    v. :
 :
Insight Pharmaceuticals, LLC :
d/b/a Insight Pharmacy, : No. 867 C.D. 2022
    Appellant : Argued: September 9, 2024


BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE ANNE E. COVEY, Judge[1]


OPINION BY
JUDGE COVEY         FILED: May 12, 2025


   Insight Pharmaceuticals, LLC d/b/a Insight Pharmacy (Pharmacy) appeals from the Lancaster County Common Pleas Court's (trial court) May 4, 2021 order denying its Petition to Open Judgment by Default Entered by Pioneer Construction Co., Inc. (Employer), Eastern Alliance Insurance Company, and Employers Alliance, Inc. (collectively, Insurer) (Petition)[2] based on a Workers' Compensation (WC) Judge's (WCJ) October 7, 2020 decision that joined Pharmacy as a party to Insurer's Petition to Review Medical Treatment and/or Billing (Billing

---

[1] This matter was reassigned to the author on October 7, 2024.

[2] Based on its prayer for relief, Pharmacy titled its document a Petition to Open Judgment *by Default* Entered by Insurer because Section 428 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 6 of the Act of June 26, 1919, P.L. 642, under which this action was initiated is titled "Final Judgment *on Default in Payments*." That Section authorizes such filing when an employer/insurer is "*in default* in compensation payments for [30] days or more," 77 P.S. § 921 (emphasis added), rather than the default judgment contemplated in Pennsylvania Rule of Civil Procedure (Civil Rule) 1037(b) (for failure to file responsive pleadings) to which Civil Rules 237.5 (specifying the form of notice for a praecipe to enter default judgment) and 237.1 (requiring 10-day notice of entry of default judgment for failure to plead) apply. *See* Pa.R.Civ.P. 237.1. 237.5, 1037(b).

Review Petition), declared that Insurer overpaid Pharmacy, and granted the Billing Review Petition directing Pharmacy to reimburse Insurer. Pharmacy presents three issues for this Court's review: (1) whether Insurer properly served the Praecipe for Entry of Judgment (Praecipe) and, thus, the trial court had jurisdiction over Pharmacy; (2) whether the trial court violated Pharmacy's due process rights by entering judgment against it when it was not a party to, and could not as a matter of law participate in, the utilization review (UR) and WCJ proceedings that gave rise to the trial court's judgment; and (3) whether the trial court erred by denying the Petition where Section 428 of the WC Act (Act)[3] authorizes only employees or dependents deprived of compensation to recover from an employer or insurer in default of payment. After review, this Court reverses.[4]

---

[3] Section 428 of the Act provides:

> Whenever the employer, who has accepted and complied with the provisions of [S]ection [305 of the Act, 77 P.S. § 501 (relating to an employer's obligation to pay WC to injured workers)], shall be in default in compensation payments for [30] days or more, the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the [D]epartment [of Labor & Industry] approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award[,] or order to be payable to the employe or his dependents, as a judgment against the employer or insurer liable under such agreement or award. Where the compensation so payable is for a total and permanent disability, the judgment shall be in the amount of [$30,000.00] less such amount as the employer shall have actually paid pursuant to such agreement or award. Such judgment shall be a lien against property of the employer or insurer liable under such agreement or award and execution may issue thereon forthwith.

77 P.S. § 921.

[4] Currently there is a vacancy among the commissioned judges of this Court. While the panel of judges that heard the case voted 2 to 1 to reverse, pursuant to Section 256(b) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.256(b), all commissioned judges voted on the opinion and a tie vote resulted.

2

## Background

The facts are not disputed. Patricia Warnock (Claimant) was injured in July 2011 while working for Employer. On February 14, 2020, Insurer filed the Billing Review Petition, therein asserting that, based on a March 19, 2015 UR that determined certain compounded pain creams prescribed for Claimant and supplied by Pharmacy were neither reasonable nor necessary for treatment of Claimant's work-related injury after December 15, 2014, Insurer no longer had to pay for them.[5] Notwithstanding, when Pharmacy submitted additional bills for Claimant's compounded creams to Insurer in October 2018, Insurer processed the bills and paid Pharmacy $30,767.14.[6] Upon realizing its error, Insurer asked Pharmacy to refund the payments, but Pharmacy declined.

A WCJ conducted hearings on the Billing Review Petition on April 16 and May 27, 2020. On April 16, 2020, Insurer also filed a Petition for Joinder of Additional Defendant (Joinder Petition) to join Pharmacy to the proceedings. At the hearings,[7] Insurer maintained that Pharmacy was bound by the March 19, 2015 UR

---

[5] On April 14, 2015, Claimant filed a Petition for Review of UR Determination, which she withdrew upon Claimant and Insurer resolving Claimant's WC claim by a Compromise and Release Agreement (C&R) on May 8, 2015, and, thus, the UR determination became final. Under the C&R, Insurer paid Claimant a $110,000.00 lump sum "in return for giving up both wage loss and medical benefits." WCJ Dec. at 4 (Reproduced Record (R.R.) at 9a).

[6] The WCJ found:

> [Insurer] has submitted into the record . . . the documentation relevant to the "mistaken" payments for treatment with dates of service of December 15, 2014, in the amount of $ 7,623.98; January 15, 2015, in the amount of $7,651.64; February 11, 2015[,] in the amount of $7,731.82; and[] March 11, 2015, in the amount of $7,759.70. [Insurer] has also presented an affidavit from Sallie G. Weber, Claims Executive for [Insurer] supporting the same.

WCJ Dec. at 5 (R.R. at 10a).

[7] Although no testimony was offered at the hearings, Insurer and Pharmacy created a record regarding the Billing Review and Joinder Petitions, and the WCJ afforded them the opportunity to submit briefs and proposed factual findings. No one entered an appearance on Claimant's behalf, and she did not file answers to the Billing Review or Joinder Petitions.

3

determination and the WCJ had equitable powers under the Act to order Pharmacy to reimburse Insurer for its mistaken payments. Pharmacy did not respond to the Billing Review or Joinder Petitions; however, Daniel J. Siegel, Esquire (Counsel) entered an appearance on its behalf, attended the WCJ hearings, and asserted that the WCJ lacked jurisdiction to order reimbursement because Pharmacy could not be a party to the WCJ proceedings and the Act contains no reimbursement remedy for insurers who overpay providers. Pharmacy added that equity was not available to Insurer and the underlying WCJ proceedings violated its right to due process because it could not be a party thereto. Insurer and Pharmacy submitted post-hearing briefs to the WCJ.

On October 7, 2020, the WCJ found that Insurer had overpaid Pharmacy, granted the Billing Review and Joinder Petitions, and ordered Pharmacy to reimburse Insurer $30,767.14, reasoning:

> [G]iven the undisputed facts herein[,] no other conclusion can be made but that [] Pharmacy should repay [Insurer] the medical bills "mistakenly" paid after "mistakenly" billed to [Insurer]. A determination through the [UR] process was ignored by [] Pharmacy in seeking payment for treatment found to be both unreasonable and unnecessary, and why should [Insurer] be prohibited from seeking redress through a [WC] adjudicatory proceeding which has jurisdiction over [UR] issues.

WCJ Dec. at 7 (Reproduced Record (R.R.) at 158a). Pharmacy did not appeal from the WCJ's decision.[8] *See* R.R. at 18a.

On January 27, 2021, Insurer filed the Praecipe in the trial court pursuant to Section 428 of the Act requesting that judgment be entered against Pharmacy in the amount of $31,242.55 ($30,767.14 plus $475.41 in statutory

---

[8] The following statement appeared on the cover page of the WCJ's decision: "If you do not agree with this [d]ecision, an appeal must be filed with the [WC] Appeal Board within 20 days from, but not including, the date of this notice." WCJ Dec. at 1 (R.R. at 6a).

4

interest).  *See* R.R. at 5a.  In the certificate of service attached to the Praecipe, Insurer represented that it served the Praecipe on Counsel by United States mail on January 12, 2021.  *See* R.R. at 17a.  According to the trial court's docket, on January 27, 2021, the trial court's prothonotary issued a Notice of Filing Judgment (Judgment Notice) to "Defendants" pursuant to Pennsylvania Rule of Civil Procedure (Civil Rule) 236, Pa.R.Civ.P. 236.  R.R. at 2a.  The Judgment Notice itself reflects that the prothonotary sent the Judgment Notice to Pharmacy and Counsel.  *See* R.R. at 4a.

By February 16, 2021 letter to Insurer, Pharmacy demanded that Insurer withdraw the Praecipe or Pharmacy would seek sanctions against Insurer on the bases that Insurer falsely identified Pharmacy as a party to the WCJ proceedings, Pharmacy could not appeal from the WCJ's decision because it was not a party to the WC litigation, and Insurer did not properly serve the Praecipe on Pharmacy.  By March 16, 2021 correspondence, Insurer responded that because Pharmacy participated in the WCJ proceedings and did not appeal from the WCJ's October 7, 2020 order, Pharmacy was bound by that decision.

On April 1, 2021, Pharmacy filed the Petition and a memorandum in support thereof in the trial court.[9]  On April 12, 2021, Insurer filed a response opposing the Petition and a supporting brief.  By separate May 4, 2021 orders and without a hearing, the trial court denied the Petition.  On May 27, 2021, Pharmacy appealed from the trial court's order to this Court.[10]  On June 3, 2021, the trial court directed Pharmacy to file a Concise Statement of Errors Complained of on Appeal

---

[9] Also on April 1, 2021, Pharmacy filed a Motion for Sanctions in the trial court with a memorandum in support thereof.  On April 12, 2021, Insurer filed a response opposing the Motion for Sanctions and a supporting brief.  By separate May 4, 2021 order, the trial court denied the Motion for Sanctions.  Pharmacy did not appeal from the trial court's order denying its Motion for Sanctions.

[10] Pharmacy appealed to the Pennsylvania Superior Court, which transferred the matter to this Court.  This Court's "review of a denial of a petition to open judgment [for unpaid WC benefits] is limited to determining whether the trial court abused its discretion or committed an error of law."  *Clayton v. City of Phila.*, 910 A.2d 93, 97 n.8 (Pa. Cmwlth. 2006).

pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On July 15, 2021, Pharmacy filed its Rule 1925(b) Statement. On July 16, 2021, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).

## Discussion

### 1. Service

Pharmacy first argues that the trial court lacked jurisdiction because Pharmacy "was never properly served with the [j]udgment[.]"[11] Pharmacy Br. at 13. Pharmacy specifically claims that, because the judgment was "the first document filed in this matter," Pharmacy Br. at 14, it was original process that had to be served by the sheriff, *see* Civil Rule 400, pursuant to Civil Rules 402 (relating to service on persons) and/or 424 (relating to service on corporations and similar entities). *See* Pa.R.Civ.P. 400, 402, 424. Pharmacy points out that the Praecipe was served on Counsel who had not agreed to accept service on Pharmacy's behalf, *see* R.R. at 17a, and the trial court's docket reflects that the prothonotary sent the Civil Rule 236 notice to "Defendants." R.R. at 2a. Pharmacy declares that because it was not served in accordance with those Civil Rules, the trial court's January 27, 2021 judgment was a nullity. Insurer retorts that "service of the [j]udgment was made in accordance with the [Civil Rules] . . . [and t]his matter does not involve the initiation of a new action." Insurer Br. at 10.

This Court has explained:

> Service of [original] process is the mechanism by which a court obtains jurisdiction over a defendant. *Sharp v.*

---

[11] Pharmacy does not specifically refer to improper service of *the Praecipe* or *the Judgment Notice* on Pharmacy but, rather, refers to Insurer's improper service of *the judgment*, and its arguments appear to refer to the Praecipe and the Judgment Notice interchangeably. Accordingly, this Court has reviewed both.

*Valley Forge Med*[.] *C*[*tr.*] [*&*] *Heart Hosp*[.]*, Inc.*, . . . 221 A.2d 185 ([Pa.] 1966). The rules relating to service of process must be strictly followed. *Id.*; *Dubrey v. Izaguirre*, . . . 685 A.2d 1391 ([Pa. Super.] 1996). Proper service is not presumed; rather, the return of service itself must demonstrate that the service was made in conformity with the [Civil Rules]. *T*[*wp.*] *of Lycoming v. Shannon*, 780 A.2d 835 (Pa. Cmwlth. 2001). In the absence of valid service, a court lacks personal jurisdiction over the party and is powerless to enter judgment against that party. *U.K. LaSalle, Inc. v. Lawless*, . . . 618 A.2d 447 ([Pa. Super.] 1992). Where service of process is defective, the remedy is to set aside the service. *Weaver v. Martin*, . . . 655 A.2d 180 ([Pa. Super.] 1995); *Frycklund v. Way*, . . . 599 A.2d 1332 ([Pa. Super.] 1991) . . . . In such a case, the action remains open, however, and the court must allow the plaintiff to attempt to make proper service of process on the defendant which would properly vest jurisdiction in the court. *Weaver*; *Frycklund*.

*City of Phila. v. Berman*, 863 A.2d 156, 160 (Pa. Cmwlth. 2004) (footnote omitted).

Pertinent to this appeal, Civil Rule 400(a) mandates that "original process shall be served within the Commonwealth only by the sheriff." Pa.R.Civ.P. 400(a). Civil Rule 402(a) requires that original process be served upon a person by handing a copy to the defendant or to the defendant's agent at his place of business. *See* Pa.R.Civ.P. 402(a). Civil Rule 424 specifies:

Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons . . . :

(1) an executive officer, partner[,] or trustee of the corporation or similar entity, or

(2) the manager, clerk[,] or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

7

Pa.R.Civ.P. 424.  However, *original process* in both contexts expressly refers to praecipes for *writs of summons* and/or *complaints*.  *See Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987 (Pa. 2024); *see also* Civil Rule 1007 ("An action may be commenced by filing with the prothonotary: (1) a *praecipe* for a writ of summons, or (2) a complaint."  Pa.R.Civ.P. 1007.); Civil Rule 401(a), Pa.R.Civ.P. 401(a) ("Original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint.").  Because praecipes filed and/or judgment notices issued pursuant to Section 428 of the Act are not listed among the *original process* contemplated by Civil Rules 400, 402, and 424, those Civil Rules do not apply to this action.

Moreover, this Court has specifically concluded that when judgment is sought under Section 428 of the Act, the filing party need only file the praecipe and a certified copy of the WCJ's order in the trial court and the prothonotary will issue notice thereof pursuant to Civil Rule 236(a)(2).  *See Horner v. C.S. Myers & Sons, Inc.*, 721 A.2d 394, 397 (Pa. Cmwlth. 1998) (The claimant "complied with both Section 428 of the Act and with [Civil Rule] 236(a)(2) by filing a certified copy of the [a]greement and a praecipe for judgment with the prothonotary."  (Footnote omitted)); *see also Kurtz v. Allied Corp.*, 561 A.2d 1294, 1297 (Pa. Cmwlth. 1989) (The filing party "strictly complied with the requirements of [] [S]ection [428 of the Act] by filing a certified copy of the [WCJ's] order and a praecipe for judgment with the prothonotary's office of the trial court.").  Rule 236(a)(2) requires that "[t]he prothonotary shall immediately give written notice of the entry of . . . any . . . judgment to each party's attorney of record or, if unrepresented, to each party."  Pa.R.Civ.P. 236(a)(2).  The note to Civil Rule 236 further states that Civil Rule 236 "does not prescribe a particular method" for the prothonotary to give notice and expressly authorizes "service via United States mail[.]"  Pa.R.Civ.P. 236,

Note.  Rule 236(b) declares that the prothonotary must thereafter "note in the docket the giving of the notice."  Pa.R.Civ.P. 236(b).

Here, although not required by Section 428 of the Act or Civil Rule 236 to serve the Praecipe upon anyone,[12] *see Horner*; *see also Kurtz*, Insurer mailed the Praecipe to Counsel on January 12, 2021, in advance of filing it in the trial court. *See* R.R. at 17a.  Further, despite that Civil Rule 236 only required the prothonotary to mail a copy of the Judgment Notice to Pharmacy if unrepresented or to Counsel if represented, when Insurer filed the Praecipe on January 27, 2021, the prothonotary mailed the Judgment Notice *to both Pharmacy and Counsel* and marked the docket accordingly.  *See* R.R. at 4a.  Regardless of whether Pharmacy was a party to the underlying WC proceedings, Pharmacy was a named party in the judgment proceeding in the trial court and it was afforded all notice required by Civil Rule

---

[12] The trial court relied on Civil Rule 237.5 (specifying the form of notice for a praecipe to enter default judgment), *see* Pa.R.Civ.P. 237.5, and related Civil Rule 237.1's 10-day notice of entry of judgment by default for failure to plead, *see* Pa.R.Civ.P. 237.1, to support its conclusion that it was "correct in dismissing [Pharmacy's] untimely Petition . . . . "  Trial Ct. Rule 1925(a) Op. at 4 (R.R. at 287a).  However, not only does Civil Rule 237.1 not list a praecipe filed pursuant to Section 428 of the Act among the types of actions to which that 10-day notice applies, *see* Pa.R.Civ.P. 237.1(a)(1), but this Court has ruled that "[Civil] Rule 237.1 does not apply to a judgment entered in a [WC] case pursuant to Section 428 of the Act."  *Horner*, 721 A.2d at 397.
     This Court further observes that Civil Rule 237 specifies:

> No praecipe for entry of judgment upon a nonsuit by the court, a verdict of a jury[,] or a decision of a judge following a trial without a jury shall be accepted by the prothonotary unless it includes a certificate that a copy of the praecipe has been mailed to each other party who has appeared in the action or to the attorney of record for each other party.

Pa.R.Civ.P. 237.  However, because the instant WCJ proceedings did not involve "a nonsuit by the court, a verdict of a jury[,] or a decision of a judge following a trial without a jury[,]" Civil Rule 237's proof of service requirement does not apply here.

236.[13]  Accordingly, Pharmacy's argument that the trial court lacked jurisdiction because the judgment was not properly served lacks merit.

### 2. Jurisdiction

Pharmacy also argues that Insurer filed the Praecipe in the trial court despite that Pharmacy was not a party to, and could not as a matter of law participate in, the UR and WC proceedings that gave rise to the judgment and, thus, the trial court violated its due process rights and erred by entering judgment against it. Pharmacy declares that the Act governs all WC matters and neither Insurer nor the trial court may disregard the Act's procedures and remedies.  Pharmacy contends that because it was not a party to the UR and WC proceedings, its Petition in the trial court was its first opportunity to respond to Insurer's claims.  Pharmacy adds that without formal notice, fair hearing, and an opportunity to be heard thereon, the trial court violated its due process rights.  Pharmacy maintains that, although the WCJ concluded that he had jurisdiction of the within matter as a court of equity, *see* WCJ Dec. at 5 (R.R. at 10a), "[e]quity . . . does not and cannot trump due process violations[.]" Pharmacy Br. at 35.

Insurer responds that Pharmacy had the opportunity to and did actively participate in the WC proceedings, the WCJ's decision was contrary to Pharmacy's interests, and the WCJ's decision became final when Pharmacy failed to timely appeal therefrom.  Insurer asserts that, under such circumstances, Pharmacy's arguments are an impermissible collateral attack on the WCJ's final order.[14]

---

[13] Even if the Praecipe was considered original process under the Civil Rules, the remedy would have been for the trial court to allow Insurer "to attempt to make proper service of process on [Pharmacy] which would properly vest jurisdiction in the [trial] court." *Berman*, 863 A.2d at 160.

[14] "Collateral estoppel 'forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment.'" *Sheils as Tr. for*

For context, this Court summarizes the WC medical bill payment process underlying the WCJ proceedings. Section 306(f.1)(1)(i) of the Act, 77 P.S. § 531(1)(i), obligates employers to pay an injured worker's reasonable and necessary medical expenses causally related to treatment for a compensable work injury. *See also CVA, Inc. v. Workers' Comp. Appeal Bd. (Riley)*, 29 A.3d 1224 (Pa. Cmwlth. 2011). To that end, Section 306(f.1)(5) of the Act declares, in pertinent part: "The employer or insurer shall make payment and providers [(including non-treating providers, such as a pharmacy)] shall submit bills and records in accordance with the provisions of this [S]ection." 77 P.S. § 531(5); *see also* Sections 127.201 and 127.202 of the Medical Cost Containment Regulations (MCCR), 34 Pa. Code §§ 127.201-127.202. Section 306(f.1)(5) of the Act requires that employers shall pay providers within 30 days of receiving bills and related records, unless the employer or insurer challenges the reasonableness or necessity of the treatment through the UR process. *See also* Sections 127.208 and 127.404 of the MCCR, 34 Pa. Code §§ 127.208, 127.404. If the UR process concludes that the treatment was reasonable and necessary, the non-treating provider is entitled to payment under the Act and has the fee review process available to litigate the amount or timeliness of the payment from the employer or insurer. *See* Section 306(f.1)(5) of the Act; *see also* Sections 127.251-127.261 of the MCCR, 34 Pa. Code §§ 127.251-127.261; *Keystone Rx LLC v. Bureau of Workers' Comp. Fee Rev. Off.*, 265 A.3d 322 (Pa. 2021) (*Keystone Rx LLC II*). "[I]f the UR results in a determination that the treatment at issue is unreasonable or unnecessary, the employer and insurer are not liable under the Act to pay for the treatment." *Keystone Rx LLC II*, 265 A.3d at 332.

*Smith & Morris Holdings, LLC v. Bartles*, 295 A.3d 302, 308 (Pa. Cmwlth. 2023) (quoting *City of Pittsburgh v. Zoning Bd. of Adjustment of City of Pittsburgh*, 559 A.2d 896, 901 (Pa. 1989) (citation omitted)).

11

Importantly, and as the WCJ and the trial court conceded, the Act does not provide a reimbursement remedy for insurers that overpay providers for treatments determined during a UR process to be unreasonable or unnecessary.[15] Therefore, Counsel attended and participated before the WCJ *solely* to assert that the WCJ lacked jurisdiction under the Act to join Pharmacy as a party to the Billing Review Petition and to order it to refund Insurer.[16]

The law is well settled that "[a] judgment is void if the issuing [body] lacked jurisdiction of the subject matter or the person." *Domus, Inc. v. Signature Bldg. Sys. of PA, LLC*, 252 A.3d 628, 640 (Pa. 2021). Thus, a WCJ's subject matter jurisdiction **can be raised at any time**, even *sua sponte* by the courts, including the trial court in the instant case. *See Enter. Rent-A-Car v. Workers' Comp. Appeal Bd. (Clabaugh)*, 934 A.2d 124 (Pa. Cmwlth. 2007); *see also Universal AM-CAN, Ltd. v. Workers' Comp. Appeal Bd.* (*Minteer*), 870 A.2d 961 (Pa. Cmwlth. 2005). "Subject matter jurisdiction is so fundamental that 'such jurisdiction **cannot be obtained by** consent of the parties, or by waiver or **estoppel**[,]'" *Thanhauser v. Douglass Twp.*, 190 A.3d 786, 794-95 (Pa. Cmwlth. 2018) (quoting *In re Borough of Valley-Hi*, 420 A.2d 15, 17 (Pa. Cmwlth. 1980) (original underline emphasis omitted; bold emphasis added)); *see also Hough v. Workers' Comp. Appeal Bd. (AC&T Cos.)*, 928 A.2d 1173, 1177 n.3 (Pa. Cmwlth. 2007), **nor may a WCJ confer jurisdiction on**

---

[15] The WCJ declared that it has jurisdiction as a court of equity because the Act does not provide an express remedy for Insurer against Pharmacy in this instance. *See* WCJ Dec. at 5-9 (R.R. at 10a-14a). The trial court agreed: "Section [428] of the . . . Act does not expressly state that a judgment can be entered as a result of an order directing payment by a pharmacy to a carrier[.]" Trial Ct. Rule 1925(a) Op. at 6 (R.R. at 289a).

[16] "Jurisdiction relates [] to the competency of a court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs . . . ." *Stadium Casino RE, LLC v. Pa. Gaming Control Bd.*, 318 A.3d 789, 800 (Pa. 2024). This Court's review of subject matter jurisdiction "presents a pure question of law, [and, thus,] our standard of review is *de novo*, and our scope of review is plenary." *Assouline v. Reynolds*, 219 A.3d 1131, 1137 (Pa. 2019).

12

**himself**. *See Enter. Rent-A-Car*. By extension, a court cannot acquire subject matter jurisdiction if the WCJ did not have it in the first instance. *See MPW Indus. Servs. v. Workers' Comp. Appeal Bd. (Mebane)*, 871 A.2d 318 (Pa. Cmwlth. 2005). Ultimately, where the Act does not provide a remedy, the WCJ lacks subject matter jurisdiction and cannot grant the requested relief. *See id*. Accordingly, this Court concludes that Pharmacy's decision not to appeal from the WCJ's decision did not preclude its challenge to the WCJ's subject matter jurisdiction before the trial court in this instance.

In addition, Pharmacy's liability under the Insurer's Billing Review Petition is predicated on Pharmacy's valid joinder to the WC proceedings. Section 131.36(a) of the Special Rules of Administrative Practice and Procedure Before WCJs (WCJ Rules)[17] authorizes "[a] party desiring to join another defendant to assert a claim relevant to the pending petition [to] do so as a matter of right by filing a petition for joinder." 34 Pa. Code § 131.36(a). Thereafter, "[t]he additional defendant shall have the same rights and responsibilities . . . as the original defendant[,]" and "is liable to any other party as the [WCJ] orders." Section 131.36(h) of the WCJ Rules, 34 Pa. Code § 131.36(h).

However, Section 131.36(b) of the WCJ Rules anticipates joining only employers/insurers. *See* 34 Pa. Code § 131.36(b) ("A petition for joinder shall set forth the identity of *employers and insurance carriers* sought to be joined and the reasons for joining a particular *employer or insurance carrier* as well as the specific facts and the legal basis for the joinder." (Emphasis added.)); *see also* Section 131.5(a) of the WCJ Rules (defining *additional defendant* as "[a]n *insurance carrier*,

---

[17] The Civil Rules do not apply to WC proceedings. *See Hershgordon v. Workers' Comp. Appeal Bd. (Pepboys, Manny, Moe & Jack)*, 14 A.3d 922 (Pa. Cmwlth. 2011). The WCJ Rules govern procedural matters before a WCJ. *See Dep't of Corr. v. Workers' Comp. Appeal Bd. (Wagner-Stover)*, 6 A.3d 603 (Pa. Cmwlth. 2010).

the Commonwealth[,] *or an employer* . . . joined under th[e WCJ Rules] . . . ."[18]  34 Pa. Code § 131.5(a) (emphasis added).  Pharmacy is neither an employer nor an insurer that could be joined to the WC proceedings.  Further, that Pharmacy did not file an answer to the Joinder Petition "did not result in deemed admissions to the allegations" or "preclude[] [it] from presenting any evidence in its defense."  *E.W. Bowman, Inc. v. Workers' Comp. Appeal Bd. (Wilson)*, 809 A.2d 447, 455 (Pa. Cmwlth. 2002), *aff'd*, 844 A.2d 1216 (Pa. 2004).

Thus, the WCJ resorted to equity to join Pharmacy as a party to Insurer's Billing Review Petition.  The WCJ declared: "[N]o other conclusion c[ould] be made but that [] Pharmacy should repay to [Insurer] the medical bills 'mistakenly' paid after [they were] 'mistakenly' billed to [Insurer]."[19]  WCJ Dec. at 7 (R.R. at 12a).  To support its equitable joinder of Pharmacy to Insurer's Billing Review Petition, the WCJ relied on this Court's rulings in *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 529 A.2d 56 (Pa. Cmwlth. 1987), *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Allen)*, 618 A.2d 1224 (Pa. Cmwlth. 1992), *Kiebler v. Workers' Compensation*

---

[18] Although the WCJ Rules define *party* to include "[a] claimant, defendant, employer, insurance carrier, additional defendant, [or] health care provider[,]" only *employers and insurers* can be joined as additional defendants.  34 Pa. Code § 131.5(a).

[19] The trial court agreed, stating:

> [E]ven a brief examination of the WC case shows [Pharmacy] was a party.  [Insurer] filed a [Joinder] Petition . . . against [Pharmacy], [Pharmacy's C]ounsel entered his appearance, [Pharmacy] attended both hearings held on the matter, and filed a brief supporting its argument of lack of jurisdiction for joinder.  The [WCJ] considered the arguments and, on October 7, 2020, issued a [d]ecision granting the [Joinder] Petition . . . and ordering [Pharmacy] to reimburse [Insurer].

Trial Ct. Rule 1925(a) Op. at 4 (R.R. at 287a).  The trial court added: "[T]o read the language of [Section 428 of the Act such that judgment cannot be entered against a pharmacy] would render [Insurer] without a remedy."  *Id*. at 6 (R.R. at 289a).

*Appeal Board (Specialty Tire of America)*, 738 A.2d 510 (Pa. Cmwlth. 1999), and *Keystone Rx LLC v. Bureau of Workers' Compensation Fee Review Office*, 223 A.3d 295 (Pa. Cmwlth. 2019) (*Keystone Rx LLC I*), *aff'd*, *Keystone Rx LLC II*.[20]

However, in *Fahringer*, *Kiebler*, and *Roadway Express*, this Court upheld a WC Appeal Board's (Board) authority to employ equity to recoup overpayments pursuant to Section 413(a) of the Act, 77 P.S. §§ 771-772, which expressly authorizes a WCJ/Board to modify notices of compensation payable (NCP), agreements, and WC awards, particularly in situations involving mathematical and mechanical errors in applying the Act and laches. The instant matter is distinguishable because Insurer did not seek modification of an NCP, agreement, or WC award pursuant to Section 413(a) of the Act due to a mathematical or mechanical error in applying the Act. *See MPW Indus. Servs.*

Instead, before the WCJ in this case was Insurer's Billing Review Petition, a form generally used to obtain a determination of whether medical bills are causally related to an accepted work injury.[21] *See Appel v. GWC Warranty Corp. (Workers' Comp. Appeal Bd.)*, 291 A.3d 927, 929 (Pa. Cmwlth. 2023); *see also*

---

[20] On appeal, before Pharmacy filed its reply brief in this Court, in *Keystone Rx LLC II* issued on December 22, 2021, the Pennsylvania Supreme Court affirmed but criticized *Keystone Rx LLC I*.

[21] This Court has explained:

> UR [d]eterminations "decide only the reasonableness or necessity of the treatment under review," and they do not decide "[t]he causal relationship between the treatment under review and the employe's work-related injury." [Section 127.406(a), (b)(1) of the MCCR,] 34 Pa. Code §§ 127.406(a), . . . (b)(1). The payment of medical expenses and the filing of a UR [d]etermination request also do not "establish a causal connection between a medical condition and a claimant's work injury." *Securitas Sec. Servs. USA, Inc. v. Workers' Comp. Appeal Bd. (Schuh)*, 16 A.3d 1221, 1224 (Pa. Cmwlth. 2011).

*Skay v. Borjeson & Maizel LLC (Workers' Comp. Appeal Bd.)*, 280 A.3d 19, 21-22 (Pa. Cmwlth. 2022) (footnote omitted).

*Rogele, Inc. v. Workers' Comp. Appeal Bd. (Hall)*, 198 A.3d 1195 (Pa. Cmwlth. 2018). Rather than challenging causality, Insurer's Billing Review Petition sought review of Pharmacy's refusal to refund Insurer's mistaken payments,[22] "a question of law that was unsettled at the time and not specifically addressed by the Act." *Joyce v. Workers' Comp. Appeal Bd. (Stylette Plastics, Inc.)*, 709 A.2d 1011, 1014 (Pa. Cmwlth. 1998). In *Philadelphia Surgery Center v. Excalibur Insurance Management Services, LLC (Bureau of Workers' Comp. Fee Rev. Hearing Off.)*, 289 A.3d 157 (Pa. Cmwlth. 2023), wherein this Court reviewed an insurer's similar attempt to recoup an overpayment made to a provider, but through the fee review process, this Court declined to expand the fee review process in that manner, observing: "[T]he fee review process only permits providers to challenge underpayments or denials of payment. It does not permit insurers to use the fee review process to obtain reimbursement of an overpayment." *Id.* at 162. This Court declared that "[r]**emedies under the Act are limited to those created by the General Assembly and courts are precluded from engrafting remedies in the absence of statutory support**." *Id.* (emphasis added). This Court concluded:

> [**I**]**n the absence of legislative authority** permitting the [Department of Labor and Industry's (Department) WC] Bureau [(Bureau)] to direct a provider to reimburse an insurer for an overpayment of fees for medical services,

---

[22] Arguably, where, as in the instant case, causality and reasonableness and necessity of Pharmacy's medical treatments have been established and only payments are at issue, the Billing Review Petition is more akin to a fee dispute. "Jurisdiction in fee disputes . . . lies with the [Department of Labor and Industry's WC] Bureau [(Bureau)] and its hearing examiners, not WCJs." *Enter. Rent-A-Car*, 934 A.2d at 128. A WCJ lacks jurisdiction to resolve fee disputes and he may not confer jurisdiction on himself over them. *See id.* Moreover, appeals by parties aggrieved by the Bureau's fee review determinations are made to this Court, not the WCJ or the Board. *See* Section 127.261 of the MCCR, 34 Pa. Code § 127.261; *see also Enter. Rent-A-Car*. However, this Court has ruled that "there is simply no support in the Act for the [Bureau's Fee Review] Hearing Office to direct *reimbursement* of [an i]nsurer's overpayment" through the fee review process. *Phila. Surgery Ctr. v. Excalibur Ins. Mgmt. Servs., LLC (Bureau of Workers' Comp. Fee Rev. Hearing Off.)*, 289 A.3d 157, 161 (Pa. Cmwlth. 2023).

**neither the Bureau**['s] Fee Review Hearing Office] **nor this Court may create such authority** in contravention of the Act.

*Id*. at 163 (emphasis added).

In *Selective Insurance Company of America v. Bureau of Workers' Compensation Fee Review Hearing Office*, 86 A.3d 300 (Pa. Cmwlth. 2014),[23] this Court previously recognized: "**The absence of a direct statutory remedy for providers does not mean that th**[is] **Court may expand the scope of** [**the Act**] **to create a remedy**. The matter is one for the legislature, assuming there is a need for a provider to have another remedy." *Id*. at 305 n.9 (emphasis added); *see also Nunez v. Workers' Comp. Appeal Bd. (FedEx SmartPost, Inc.)* (Pa. Cmwlth. No. 1459 C.D. 2019, filed Sept. 29, 2020);[24] *MPW Indus. Servs.*, 871 A.2d at 322 ("[W]hile a WCJ may go beyond the relief requested in a particular petition, the WCJ does not have the authority to grant relief that an employer is not authorized by the Act to obtain.").

Here, in joining Pharmacy, the WCJ relied heavily on the equitable remedy this Court proffered in *Keystone Rx LLC I*. Therein, this Court recognized

---

[23] *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (Wegman's Food Markets, Inc.)*, 206 A.3d 660, 667 (Pa. Cmwlth. 2019), overruled *Selective Insurance* on other grounds.

[24] The *Nunez* Court stated:

> This Court has recognized the [WCJ's/Board's] ability to exercise certain equitable principles in **limited** circumstances, particularly, those involving restitution and unjust enrichment where an overpayment has occurred. In *Fahringer*, this Court . . . explained, "[t]he Board . . . does not have its roots in equity. While we do not believe that this fact precludes the Board from employing certain equitable principles, its use of such principles must be restricted in light of its statutory constraints." *Fahringer*, 529 A.2d at 59 (emphasis added).

Slip op. at 4 n.2 (citations omitted).
Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). *Nunez* is cited for its persuasive value.

17

due process issues for pharmacies that were precluded from participating in the UR process yet were bound by the results thereof, and declared:

> [F]or UR procedures occurring after the date of this opinion [(December 12, 2019,)] where an employer, insurer, or an employee requests UR, a provider which is not a "health care provider" as defined in the Act, such as a pharmacy, testing facility[,] or provider of medical supplies, must be afforded notice and an opportunity to establish a right to intervene under the usual standards for allowing intervention. Although this Court may not usurp the powers of the General Assembly and exceed the parameters of legislation pertaining to medical cost containment, it bears repeating that the polestar of [*Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (National Fire Insurance Co. of Hartford)*, 192 A.3d 304 (Pa. Cmwlth. 2018) (]*Armour I*[),] is that the Act must be construed in accordance with due process of law. [*Armour Pharmacy v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Wegman's Food Mkts., Inc.)*, 206 A.3d 660, 667 (Pa. Cmwlth. 2019) (]*Armour II*[).]

*Keystone Rx LLC I*, 223 A.3d at 299. Because this Court issued *Keystone Rx LLC I* on December 12, 2019, it was the law when the WCJ and the trial court rendered their decisions and Insurer and Pharmacy filed their briefs in the instant matter.

> Accordingly, the WCJ in the instant matter reasoned:
>
> Any concern by [] Pharmacy that this [WCJ's] order allowing recoupment of monies mistakenly paid would open the door for aggrieved insurance carriers and medical providers to seek equity redress before matters like the same throughout the Commonwealth, has been allayed by the Commonwealth Court most recently in *Keystone* [*Rx LLC I*]. Surely with the Court's finding in *Keystone* [*Rx LLC I*] that beginning December 2019, a pharmacy has a right to intervene on [a UR] determination process it naturally follows that a pharmacy should be allowed to be joined as a party to a review petition concerning those same exact issues, issues the Court found so essential in allowing the [] pharmacies the right to intervene under the usual standards for allowing intervention.

18

> Having the benefit of the analysis and reasoning set forth by the Commonwealth Court in *Keystone* [*Rx LLC I*], this [WCJ] does not see the finding today as an improper expansion of this [WCJ's] jurisdiction, but rather a most consistent and analytical approach to the instant matter mindful of *Keystone* [*Rx LLC I*].

WCJ Dec. at 8-9 (R.R. at 13a-14a).

However, because, on appeal, the Pennsylvania Supreme Court disapproved this Court's *Keystone Rx LLC I* prospective ruling that pharmacies may intervene in UR proceedings, *see Keystone Rx LLC II*, the equitable basis on which the WCJ relied to craft its equitable remedy no longer exists.[25] Notably, in his concurrence, Justice David N. Wecht described:

> The legislature exercised its policy-making authority to decide who should be included in [UR], and who should not. This is the function of our General Assembly: it makes social policy judgments and decides among competing interests. *Villani v. Seibert*, . . . 159 A.3d 478, 492 ([Pa.] 2016) ("[T]his [Supreme] Court frequently acknowledges the Legislature's superior resources and institutional prerogative in making social policy judgments upon a developed analysis."); *Weaver v. Harpster*, . . . 975 A.2d 555, 563 ([Pa.] 2009) ("[I]t is for the legislature to formulate the public policies of the Commonwealth."). **Whatever the potential inequity of this result**, **it is a matter of legislative discretion. It is not a field for judicial reformation.**
>
> **It is not for the judiciary to usurp the General Assembly's policy-making authority and exceed the parameters of legislation by engrafting statutory requirements that the General Assembly chose to omit,**

---

[25] "[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." *Commonwealth v. Washington*, 142 A.3d 810, 812 (Pa. 2016) (quoting *Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983)); *see also Fetherman v. Dep't of Transp., Bureau of Driver Licensing*, 167 A.3d 846, 854 (Pa. Cmwlth. 2017) ("Pennsylvania courts apply the law in effect at the time of the appellate decision."). Accordingly, the *Keystone Rx LLC II* Court's ruling governs in this case.

19

**even where sound reasons may appear to favor the creation of a mechanism omitted from the statute**.

*Keystone Rx LLC II*, 265 A.3d at 333-34 (Wecht, J., concurring) (emphasis added).

Thereafter, this Court acknowledged:

[**A**]**lthough there have been times where the general principles of restitution have been applied in WC matters**, . . . **the more recent approach to determining what remedies are available has been more limited**. *See, e.g., Keystone R[x] LLC [II]* . . . ; [*Cnty. of Allegheny v. Workers' Comp. Appeal Bd. (*]*Parker*[*)*], 177 A.3d [864] . . . [(Pa. 2018)]. Th[is] Court understands [the e]mployer's position and is similarly troubled [by] the overpayment . . . . However, **the fact that no recourse may exist under the Act does not authorize this Court to act outside its role to create a remedy that the General Assembly did not provide**, *Keystone R[x] LLC [II]* . . . ; *Parker* . . . , **or to apply a remedy that does not arise under a statutory provision**, like Section 413(a) [of the Act], *Kiebler* . . . ; *Fahringer* . . . .

*Columbia Cnty. Comm'rs v. Rospendowski (Workers' Comp. Appeal Bd.)*, 286 A.3d 436, 444-45 (Pa. Cmwlth. 2022) (emphasis added).

In addition, in *Franczyk v. Home Depot, Inc.*, 292 A.3d 852 (Pa. 2023), the Pennsylvania Supreme Court concluded:

[W]e will apply the plain language of the [Act], the legislative intent it bespeaks, and our most illuminating case law. If the result in this case is not entirely equitable . . . , that is an unavoidable incident of the balance that the General Assembly struck. It is in the nature of global policy compromises that, in any given case, either party may receive more or less than what equity alone might call for. The General Assembly made a calculated if generalized judgment about the public interest writ large, and **it is not our place to subvert legislative intent based upon the outcome or equities of any one case**.

*Id*. at 863 (emphasis added).

20

Relevant here, the General Assembly did not include any mechanism in the Act, either expressly or by implication, for an employer/insurer to recoup monies it mistakenly paid or overpaid to a pharmacy. That the WCJ had jurisdiction over the underlying UR matter did not confer jurisdiction on the WCJ relative to the Billing Review and Joinder Petitions. Because the reimbursement awarded by the WCJ was not contemplated by the Act and, despite that Pharmacy attended and participated in the proceedings below to challenge jurisdiction, there was no viable basis under the Act for the WCJ to join Pharmacy as a party to Insurer's Billing Review Petition, even as a matter of equity.[26]

---

[26] Pharmacy also raises a due process violation claim. Although it is unclear whether its argument applies to the UR process or the WC proceedings, this Court has explained:

> The Due Process Clause of the Fourteenth Amendment [to the United States Constitution] states as follows:
>
> > No [s]tate shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . nor shall any [s]tate deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
>
> [U.S. CONST.] amend. XIV, § 1. The Pennsylvania Constitution also provides this protection. [*See* PA. CONST.] art. I, § 9.

*Armour I*, 192 A.3d at 310 n.7. "[D]ue process prohibits the entry of a judgment unless the parties have been given adequate notice and an opportunity to be heard." *Johnson v. Workers' Comp. Appeal Bd. (Sealy Components Grp.)*, 982 A.2d 1253, 1257 (Pa. Cmwlth. 2009); *see also Gow v. Dep't of Educ., Pro. Standards & Pracs. Comm'n*, 763 A.2d 528 (Pa. Cmwlth. 2000) (due process guarantees of notice and an opportunity to be heard apply to administrative tribunals). "The first inquiry in every due process challenge is whether the [complaining party] has been deprived of a protected interest in 'property' or 'liberty.'" *Keystone Rx LLC II*, 265 A.3d at 331 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999)).

Here, Pharmacy relies on *Keystone Rx LLC I*, for support that it had a constitutionally-protected property interest in the UR proceeding below for which it was entitled to due process. However, the *Keystone Rx LLC II* Court has since concluded that "a non-treating provider does not have a constitutionally-protected property interest in goods or services that it dispensed, as these providers were never entitled to payment under the Act; rather, they simply have an expectation of payment in the normal course." *Keystone Rx LLC II*, 265 A.3d at 333. Because

21

Where the Act provides no reimbursement remedy for insurers that overpay providers, Counsel participated before the WCJ *solely* to assert that there was no basis under the Act for the WCJ to join Pharmacy or order it to reimburse Insurer, the Department did not contemplate Pharmacy's joinder in Section 131.36 of the WCJ Rules, and the WCJ had no valid equitable basis to join Pharmacy to Insurer's Billing Review Petition, Pharmacy was not and could not be a party to the UR and WC proceedings. Because Pharmacy was not and could not be a party to the UR and WC proceedings against whom Insurer could seek judgment in the trial court, the trial court erred as a matter of law by not striking the judgment against Pharmacy on that basis.

### 3. Section 428 of the Act

Pharmacy also contends that the trial court erred by denying the Petition where Section 428 of the Act authorizes only employees or dependents deprived of compensation to recover from an employer or insurer in default of payment. Specifically, Pharmacy argues that the trial court ignored the Act's exclusivity and impermissibly created a mechanism beyond those permitted in the Act to allow Insurer to recoup erroneous payments from Pharmacy.

---

Insurer succeeded in its UR challenge, Pharmacy "d[id] not have a constitutionally-protected interest in [the] goods or services that it dispensed" and, thus, Pharmacy has "no viable due process claim." *Id*. at 333. In the absence of such interest, Pharmacy has no viable due process violation claim in the UR proceeding.

To the extent Pharmacy directs its due process argument to the WC proceedings, Pharmacy relies on *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000), in which the United States Supreme Court held that entering judgment immediately upon permitting joinder of a party without first giving him the opportunity to respond and contest liability violated due process. Pharmacy avers that Insurer, the WCJ, and the trial court similarly violated Pharmacy's due process rights in this matter. However, because it is without question based on this Court's review that Pharmacy fully participated in and stated its position during the Billing Review and Joinder Petitions' proceedings before the WCJ, *Nelson* is inapposite. Accordingly, Pharmacy's due process violation claim fails.

Insurer responds that Pharmacy's position disregards *United Parcel Service v. Hohider*, 954 A.2d 13 (Pa. Super. 2008), which supports Insurer's use of the trial court to obtain the entry of judgment on the WCJ's decision. Insurer adds that if it cannot seek to enforce the WCJ's decision in the trial court, the judgment is a nullity and Insurer would be forced to litigate this overpayment in the civil arena, which would be "a waste of time, both for the parties and the judicial system." Insurer Br. at 25 (quoting *United Parcel Service*, 954 A.2d at 19).

Section 1921(a) of the of the Statutory Construction Act of 1972 (SCA) generally provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). The Pennsylvania Supreme Court has more specifically ruled that "[t]he [Act's] plain language is our polestar in discerning the General Assembly's intent." *Franczyk*, 292 A.3d at 855-56. "The best indication of legislative intent is the plain language of the statute." *Crown Castle NG E. LLC v. Pa. Pub. Util. Comm'n*, 234 A.3d 665, 674 (Pa. 2020).

Relevant here, Section 428 of the Act specifies that "[w]henever the **employer** . . . **shall be in default** in compensation payments . . . , **the employe or dependents** entitled to compensation thereunder" **may seek judgment** by filing the WCJ's order in the trial court "and the prothonotary shall enter the entire balance **payable** . . . **to the employe or his dependents**, as a judgment **against the employer or insurer** liable under such agreement or award."[27] 77 P.S. § 921 (emphasis added). Where Section 428 of the Act authorizes *only employees or their dependents* to seek

---

[27] Correspondingly, "[a] judgment entered pursuant to Section 428 of the Act . . . will only be lifted if *the employer* establishes there was no order granting compensation, that 30 days had not passed since the order fixing payment, a supersedeas was granted, or [] the amount owed has been paid." *Wilson v. Travelers Cas. & Sur. Co.*, 88 A.3d 237, 239 n.2 (Pa. Cmwlth. 2013) (emphasis added). In the instant matter, there was no valid "order granting compensation" on which an employer/insurer defaulted and for which a judgment was entered pursuant to Section 428 of the Act. *Id*.

23

judgment against an *employer or insurer*, the General Assembly clearly did not authorize Insurer (which is not an employee or dependent) to seek judgment against Pharmacy (which is not an employer or insurer) thereunder. *See Franczyk*, 292 A.3d at 857 ("Our law is clear that, when a statute specifically excludes certain categories or classes from its reach, we will interpret the silence as to other categories or classes as intentional."); *see also Campagna v. Brandon Knitwear, Inc.*, 797 A.2d 405, 408 (Pa. Cmwlth. 2002) (emphasis added) ("[T]he primary purposes behind the judgment entry remedy supplied by Section 428 of the Act [is] to provide recourse for a situation where an *employer* has been found liable to pay benefits to a claimant, but does not."). In addition, in cases in which a praecipe to enter judgment under Section 428 of the Act was filed by other than an employee or his dependents, this Court upheld a trial court's order opening and/or striking the judgment. *See Black v. Billy Penn Corp.*, 457 A.2d 192 (Pa. Cmwlth. 1983); *see also Lerner v. Phila. Psychiatric Ctr.*, 339 A.2d 910 (Pa. Cmwlth. 1975).

Although the trial court agreed that Section 428 of the Act's plain language did not afford Insurer relief under the circumstances presented here, *see* Trial Ct. Rule 1925(a) Op. at 6 (R.R. at 289a), relying on *United Parcel Service*, it nevertheless concluded that it

> must give judicial recognition to the WC[J's d]ecision dated October 7, 2020[,] because it cannot adjudicate a WC matter and[,] without a procedure in place to allow [Insurer] to enforce the WC[J's] decision, [it] would be useless, and [Insurer] would be left with no way to collect what it is owed.

Trial Ct. Rule 1925(a) Op. at 6 (R.R. at 289a).

In *United Parcel Service*, an employee who received WC benefits stipulated he owed the employer a specified sum for the employer's share of a third-party recovery, but thereafter refused to pay, and the employer requested judgment

against the employee for that amount in the trial court. The trial court struck the judgment on the basis that Section 428 of the Act entitles only employees and dependents to judgment thereunder. On appeal, the Pennsylvania Superior Court reversed, acknowledging Section 428 of the Act's limitations but basing the employer's ability to seek judgment on the facts that the employer had an absolute right to recover its subrogation lien and the existence of a WCJ's "final order that requires judicial recognition." *United Parcel Serv.*, 954 A.2d at 19. The Superior Court further explained that such recognition was necessary because a trial court "cannot adjudicate [a WC] claim[,]" and "without a procedure in place that allows the WCJ's order to be enforced, it becomes a nullity." *Id.* However, *United Parcel Service* is a non-precedential Superior Court decision and, unlike the instant case, involved a judgment filed against a party to the underlying WC proceedings in which the employer had a statutory right to subrogation.[28] Thus, *United Parcel Service* is distinguishable and inapposite here.[29]

---

[28] Superior Court decisions are generally not binding on this Court, and they offer persuasive precedent only when they address analogous issues. *See K. H. v. Dep't of Hum. Servs.*, 315 A.3d 178 (Pa. Cmwlth. 2024).

[29] The Dissent claims, relying on *United Parcel Service*, that the trial court did not impermissibly adjudicate a WC claim, but gave judicial recognition of a final WCJ order that would otherwise have been rendered a nullity. The trial court recognized the WCJ's 2015 decision, which found the products Pharmacy provided not reasonable or necessary and, therefore, Pharmacy was not entitled to payment for those products and Insurer bore no liability for any future bills related thereto. However, the Dissent misses the mark. Here, the Praecipe did not enforce the 2015 order but, rather, the WCJ's 2020 decision which, consistent with the Act, was a nullity because the WCJ did not have jurisdiction to render it in the first instance. Further, Pharmacy did not violate the WCJ's 2015 decision; the Insurer mistakenly paid bills that it was not required to pay.

The Dissent further maintains, again quoting *United Parcel Service*, that it would be incongruous and a waste of time, both for the parties and the judicial system, to require Insurer to file another lawsuit merely to establish something that already has been established. While that may be true, it does not give this Court or the trial court jurisdiction to act outside the authority the General Assembly has bestowed upon them.

25

Moreover, Section 1921(b) of the SCA mandates that where, as here, "the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The Pennsylvania Supreme Court has admonished:

> It is a well[-]established principle of statutory interpretation that [courts] "may not supply omissions in the statute when it appears that the matter may have been intentionally omitted." *Sivick v. State Ethics Comm*[']*n*, . . . 238 A.3d 1250, 1264 ([Pa.] 2020). It is not [the courts'] role under our tripartite system of governance to engage in judicial legislation and to rewrite a statute in order to supply terms which are not present therein[.]

*In re Nov. 3, 2020 Gen. Election*, 240 A.3d 591, 611 (Pa. 2020); *see also Frazier v. Workers' Comp. Appeal Bd. (Bayada Nurses, Inc.)*, 52 A.3d 241, 245 (Pa. 2012) ("When examining a statute, we are bound by its plain language; accordingly, we should not insert words into the Act that are plainly not there."). This Court has similarly warned:

> "Th[is] Court may not rewrite a statute[.]" *Bender v. Pa. Ins. Dep't*, 893 A.2d 161, 164 (Pa. Cmwlth. 2006). "It is not within the jurisdiction of this Court to rule on the wisdom of legislative enactments. The judiciary may not sit as a super legislature to judge the wisdom or desirability of legislative policy determinations . . . ." *Mercurio v. Allegheny C[n]ty. Redev[elopment] Auth.*, 839 A.2d 1196, 1203 (Pa. Cmwlth. 2003) (citations and quotation marks omitted).

*Lower Swatara Twp. v. Pa. Lab. Rels. Bd.*, 208 A.3d 521, 529 n.12 (Pa. Cmwlth. 2019); *see also Franczyk*; *Keystone Rx LLC II*; *Phila. Surgery Ctr*.

Here, without precedential supporting legal authority, the trial court disregarded the plain language of Section 428 of the Act to permit Insurer, an entity against whom judgment may be entered, to become an entity requesting judgment be entered against an entity not statutorily liable. By doing so, the trial court

26

fashioned a remedy the General Assembly clearly did not intend.  Accordingly, the trial court erred as a matter of law by not striking the judgment against Pharmacy on that basis.[30]

## Conclusion

Based on the foregoing, the trial court's May 4, 2021 order is reversed.


_____
ANNE E. COVEY, Judge

---

[30] This Court acknowledges that this outcome leaves Insurer without a means *under the Act* to obtain a refund from Pharmacy of the monies it mistakenly paid to Pharmacy.  However, the WCJ and Insurer referenced civil actions Insurer could bring to otherwise seek recovery from Pharmacy.  *See* WCJ Dec. at 7 (R.R. at 12a); *see also* Insurer Br. at 24-25.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pioneer Construction Co., Inc.,     :
Eastern Alliance Insurance Company,  :
and Employers Alliance, Inc.       :
                                  :
         v.              :
                                  :
Insight Pharmaceuticals, LLC      :
d/b/a Insight Pharmacy,         :   No. 867 C.D. 2022
             Appellant    :

## O R D E R

AND NOW, this 12th day of May, 2025, the Lancaster County Common Pleas Court's May 4, 2021 order is reversed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pioneer Construction Co., Inc., :
Eastern Alliance Insurance Company, :
and Employers Alliance, Inc. :
 :
   v. : No. 867 C.D. 2022
 : Argued: September 9, 2024
Insight Pharmaceuticals, LLC d/b/a :
Insight Pharmacy, :
     Appellant :


BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE ANNE E. COVEY, Judge


DISSENTING OPINION BY
PRESIDENT JUDGE COHN JUBELIRER   FILED: May 12, 2025

The facts in this matter are simple, undisputed, and, in my view, extremely troubling. **In** March **2015**, the **compound creams provided by** Insight Pharmaceuticals, LLC d/b/a Insight Pharmacy (**Pharmacy**) to the workers' compensation claimant here **were found to be not reasonable and necessary** for the claimant's work injury, **and therefore**, **not compensable** under the Workers' Compensation Act (Act),[1] **beginning December 15, 2014 and ongoing**. No appeal changed that determination, and therefore, **no payment to Pharmacy** for those compound creams **was required** under the Act. **Three and half years' later**, **Pharmacy**, apparently **ignoring** the March 2015 decision, **billed** the claimant's employer, Pioneer Construction Co., Inc. (Employer), Eastern Alliance Insurance

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Company, and Employers Alliance, Inc. (collectively, **Insurer**), **over $37,000 for compound creams** it provided the claimant **beginning December 15, 2014**, the very creams as of the very date addressed in the 2015 decision. **Pharmacy has never suggested** "at any time **that [it was] due the monies**." (Workers' Compensation Judge (WCJ) Decision at 6 (emphasis added).[2]) Insurer mistakenly paid the bill and later requested that Pharmacy return the funds but was rebuffed. Insurer went to the workers' compensation authorities for relief and obtained from a **WCJ** a **decision** and order **agreeing** that **the payment was erroneous and must be reimbursed**. **Pharmacy participated** in those proceedings, **objected** to Insurer's requested relief, **but did not appeal** the WCJ's order and it **became final**. Pharmacy did **not comply** with that **final order**.

With an **unappealed** and now **final** WCJ order and Pharmacy's **noncompliance** in hand, Insurer sought enforcement of that order in the Court of Common Pleas of Lancaster County (common pleas) by filing a Praecipe for Entry of Judgment (Praecipe) and serving the Praecipe on Pharmacy's counsel by mail. The Lancaster County Prothonotary issued a "Notice of Filing Judgment" on January 27, 2021, on which it is indicated that notice pursuant to Pennsylvania Rule of Civil Procedure 236, Pa.R.Civ.P. 236, was provided to Pharmacy and Pharmacy's counsel by mail. (Reproduced Record (R.R.) at 4a.) Pharmacy filed a Petition to Open Judgment by Default (Petition), **raising issues it could have raised in an appeal from the WCJ's order had one been taken**, asserting service by mail on its counsel of the Praecipe was not proper service on Pharmacy, and contending that Insurer could not enforce the WCJ's order in common pleas under Section 428 of the Act,

---

[2] The WCJ's decision is found at multiple locations in the Reproduced Record, including at pages 32a-41a.

RCJ - 2

77 P.S. § 921.[3]  Common pleas was unpersuaded by Pharmacy's arguments and denied the Petition, finding service was sufficient and citing the finality of the WCJ's order and the Superior Court's reasoning in *United Parcel Service v. Hohider*, 954 A.2d 13 (Pa. Super. 2008), wherein the Superior Court recognized a common law action for an employer to seek to enforce a WCJ's order in a court of common pleas.

Because I agree with common pleas that the service of the Praecipe was proper under the Pennsylvania Rules of Civil Procedure,[4] that there is a final WCJ order that was unchallenged by Pharmacy within the workers' compensation system, and that *United Parcel Service*'s persuasive holding should be applied here, where the WCJ determined that Pharmacy was not entitled under the Act to the funds it obtained from Insurer, I would affirm.  Holding otherwise, I fear, might encourage, if not incentivize, mischief within the workers' compensation system, the longtime

---

[3] Section 428 of the Act states:

Whenever the employer, who has accepted and complied with the provisions of [S]ection three hundred five, shall be in default in compensation payments for thirty days or more, the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the [D]epartment [of Labor and Industry] approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order to be payable to the employe or his dependents, as a judgment against the employer or insurer liable under such agreement or award.  Where the compensation so payable is for a total and permanent disability, the judgment shall be in the amount of thirty thousand dollars less such amount as the employer shall have actually paid pursuant to such agreement or award.  Such judgment shall be a lien against property of the employer or insurer liable under such agreement or award and execution may issue thereon forthwith.

77 P.S. § 921.

[4] In this regard, I agree with the majority' determination that service of the Praecipe was proper.  *Pioneer Constr. Co., Inc. v. Insight Pharm., LLC*, __ A.3d __, __ (Pa. Cmwlth., No. 867 C.D. 2022, filed May 12, 2025), slip op. at 6-9.

RCJ - 3

success of which, I believe, is based on the fair and honest actions by all those who participate. And, while the majority notes the WCJ's and Insurer's reference to potential "civil actions Insurer could bring to otherwise seek recovery from Pharmacy[, *s*]*ee* WCJ Dec. at 7 (R.R. at 12a); *see also* Insurer Br. at 24-25[,]" *Pioneer Construction Co., Inc. v. Insight Pharmacy, LLC*, __ A.3d __, __ n.28 (Pa. Cmwlth., No. 867 C.D. 2022, filed May 12, 2025), slip op. at 26 n.28, I question whether Pharmacy will submit itself to those civil actions without challenge. Accordingly, I must, respectfully, dissent from the majority's reversal of common pleas' order.

In addition to the foregoing, I disagree with the majority that Pharmacy's failure to appeal the WCJ's order had no impact on its subsequent challenge to that order **in common pleas**. For the most part, the issues and arguments as to the validity of the WCJ's decision Pharmacy makes on appeal are the same as those presented to, and rejected by, the WCJ. The WCJ's order became final when Pharmacy did not file an appeal within 20 days.

Once an order is final, it "is not subject to collateral attack by virtue of a petition to open and/or strike" "except for 'extraordinary cause.'" *Schneller v. Conshohocken Borough Council* (Pa. Cmwlth., No. 2146 C.D. 2012, filed Aug. 21, 2013), slip op. at 5 (quoting *Witherspoon v. Wal-Mart Stores, Inc.*, 814 A.2d 1222, 1225 (Pa. Super. 2002)).[5] "Only grave and compelling circumstances provide 'extraordinary cause' to justify court intervention after expiration of the appeal period." *DeMarco v. Borough of East McKeesport*, 556 A.2d 977, 979 n.4 (Pa.

---

[5] An unreported panel decision of this Court, while not binding, may be cited for its persuasive authority pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Cmwlth. 1989). "Such circumstances have customarily entailed an oversight or act by the court, or failure of the judicial process, which operates to deny the losing party knowledge of entry of final judgment and commencement of the running of the appeal period." *Id.* (citing *Luckenbaugh v. Shearer*, 523 A.2d 399, 402 (Pa. Super. 1989); *Simpson v. Allstate Ins. Co.*, 504 A.2d 335 (Pa. Super. 1986) (absent fraud or some other circumstance so grave or compelling as to constitute extraordinary cause, final judgments regularly entered in an adverse proceeding may not be disturbed)).

There is no dispute that Pharmacy was aware of the WCJ's decision, that it was found to be a party to and actually participated in those proceedings, and that it was ordered to repay Insurer the monies. The WCJ's decision expressly stated that if no appeal was filed with the Workers' Compensation Appeal Board (Board) in 20 days the decision would become final. (R.R. at 6a.) The place for Pharmacy to have challenged the WCJ's determinations as being contrary to the Act was an appeal to the Board and, if necessary, a petition for review in this Court. It filed no such appeal and, after 20 days, the WCJ's decision became final and not subject to collateral attack absent "grave and compelling circumstances [that would] provide 'extraordinary cause' to justify court intervention after expiration of the appeal period." *DeMarco*, 556 A.2d at 979 n.4.

The cases cited by the majority **involved jurisdictional challenges raised** within the same proceeding and, primarily, **in the same workers' compensation proceeding**, not in a separate matter. In those cases, the appellate issues were presented to the Board, which has expertise in the Act and its interpretation, and that body, and/or this Court, resolved the jurisdictional questions. In not appealing the WCJ's decision to the Board, Pharmacy deprived that expert appellate body from

resolving the specific workers' compensation issues. Instead, Pharmacy effectively sought to litigate the merits of its challenge to Insurer's workers' compensation issues in common pleas, a process that is impermissible. *See Gillette v. Wurst*, 937 A.2d 430, 435-36 (Pa. 2007) (holding "[t]he courts of common pleas lack jurisdiction to adjudicate [w]orkers' [c]ompensation claims");[6] *Jo Jo Pizza & Eastern Alliance Ins. Co. v. Larry Pitt & Assocs.* (Pa. Cmwlth., No. 1162 C.D. 2021, filed Aug. 5, 2022), slip op. at 7 (same); *United Parcel Serv.*, 954 A.2d at 19 (stating "common pleas court cannot adjudicate [a] workers' compensation claim"). For these reasons, I would conclude that common pleas did not err or abuse its discretion in denying the Petition based on arguments that should have been raised in an appeal to the Board but were not due to Pharmacy's failure to appeal to that body thereby rendering the WCJ's decision final.

As for Pharmacy's arguments that common pleas erred in denying the Petition because the Petition was not authorized by Section 428 of the Act, I, like common pleas, acknowledge that this statutory provision's plain language does not expressly permit the filing of the Praecipe by Insurer. However, I agree with common pleas that the Superior Court's reasoning in *United Parcel Service* is persuasive[7] and supports common pleas' denial of the Petition.

In *United Parcel Services*, an employer filed a praecipe for entry of judgment with a court of common pleas following a final order by a WCJ that directed the claimant to disgorge monies to satisfy the employer's subrogation lien under Section

---

[6] While *Gillette* is a plurality decision, its statement that workers' compensation issues lie within the jurisdiction of a WCJ is authoritative, as it was not challenged in either the concurrence or the dissent. *See* 937 A.2d at 437-41 (Cappy, C.J., concurring; Baer, J., dissenting).

[7] *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) ("In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues.").

319 of the Act, 77 P.S. § 671, with which the claimant did not comply. Following the prothonotary's entry of the judgment, the claimant filed a motion to strike the judgment based on there being no statutory authority, particularly in Section 428, for the employer's actions. The court of common pleas agreed and struck the judgment.

On appeal, the Superior Court reversed, acknowledging the limitations of Section 428, but finding a basis for the employer's ability to seek entry of judgment in the facts that the employer had an absolute right to recover its subrogation lien and the existence of a workers' compensation judge's "final order that requires judicial recognition." *United Parcel Serv.*, 954 A.2d at 19. It explained that judicial recognition of a WCJ's final order was necessary because a "common pleas court cannot adjudicate [a] workers' compensation claim." *Id.* The Superior Court observed, however, that

> without a procedure in place that allows [a] WCJ's order to be enforced, it becomes a nullity. Moreover, to require an employer under the circumstances that exist in this case to file another law[]suit merely to establish something that already has been established is incongruous and a waste of time, both for the parties and judicial system.

*Id.*

While this matter does not involve payment of an employer's subrogation lien, which was litigated and decided by a WCJ, it does involve, as in *United Parcel Service*, a final WCJ's decision and order entered, after litigation, directing the payment of funds and the ongoing refusal by the party directed to do so. Moreover, as in *United Parcel Service*, common pleas did not impermissibly adjudicate a workers' compensation claim but gave judicial recognition of a final WCJ order that would, otherwise, have been rendered a nullity. It also gave recognition to the adjudication of the compensability of Pharmacy's compound creams that occurred

in the 2015 decision, which found the products Pharmacy provided not reasonable or necessary for the claimant's work injury, and, therefore, Pharmacy was entitled to no payment for those products and Insurer bore no liability for any future bills related thereto. Pharmacy appears to have ignored that adjudication when it, years later, billed Insurer for the very products found to be not compensable under the Act. That earlier adjudication was confirmed by the WCJ in the most recent proceeding, who found that Insurer certainly bore no liability for the bills Pharmacy submitted **three years after** the 2015 decision and directed reimbursement of the monies paid. Both the 2015 decision and the current WCJ order went **unchallenged** in the workers' compensation system. Pharmacy appeared before the WCJ, was designated a party, had an opportunity to and did participate, and gave argument, **not** on why it was entitled to keep the monies Insurer paid it or "that [it was] due the monies," (WCJ Decision at 5), but on why the WCJ did not have jurisdiction and how there was no means for Insurer to seek reimbursement. The WCJ disagreed with both propositions, and Pharmacy decided not to appeal that decision, notwithstanding its party status, thereby rendering the WCJ's decision and order final. Under these circumstances, I would agree with the Superior Court that it would be "incongruous and a waste of time, both for the parties and judicial system[,]" to require Insurer "to file another law[]suit merely to establish something that already has been established." *United Parcel Serv.*, 954 A.2d at 19. Accordingly, I discern no error or abuse in common pleas' denying the Petition on the same basis. I, therefore, respectfully dissent.

_____
RENÉE COHN JUBELIRER, President Judge

RCJ - 8